# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CENTENNIAL BANK,**

    **Plaintiff,**

vs.                    CASE NO. 4:11-CV-00193- RS-WCS

**STONE BRIDGE CONDOMINIUM, LLC;**
**MICHAEL PAGOZALSKI;**
**PETER S. ROSEN;**
**STONE BRIDGE CONDOMINIUMS ASSOCIATION, INC.**

    **Defendants.**

___

## FINAL JUDGMENT OF FORECLOSURE UNDER COUNT II AND PARTIAL SUMMARY JUDGMENT AS TO LIABILITY UNDER COUNT I, III, AND IV

Before me is Plaintiff's Motion for Final Judgment of Foreclosure under Count II and Partial Summary Judgment as to Liability under Count I, III, and IV of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 29).

**IT IS ORDERED:**

1. The Court has jurisdiction over the parties and the subject matter.

2. There are no genuine issues of material fact as to Plaintiff's Complaint.

{A0928633.DOC }

3. Defendants, Stone Bridge Condominium, LLC, Peter S. Rosen and Michael Pagozalski, failed to sufficiently raise any defense preventing the relief requested by Plaintiff.

4. Defendants, Stone Bridge Condominium, LLC, Peter S. Rosen and Michael Pagozalski, owe Plaintiff Centennial Bank the following:

| | | |
|---|---|---|
| 1) | Principal | $336,553.85 |
| 2) | Interest through September 7, 2011 | $ 15,297.71 |
| 3) | Late Charges | $     741.28 |
| | **TOTAL AMOUNT DUE** | **$ 352,592.84** |

5. Plaintiff shall be entitled to recover post-judgment interest at the legal rate defined by 28 U.S.C. § 1961 from the date of this judgment until paid.

6. Plaintiff holds a lien for the total sum in Paragraph 4 superior to all claims or estates of Defendants on the following described real and personal property located in Leon County, Florida.

Real Property

UNITS 102, 103, AND 107 OF STONE BRIDGE CONDOMINIUMS, AS PER DECLARATION FOR STONE BRIDGE CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 3412, PAGE 176 OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.

Personal Property

All rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, crops, timber, all diversion payments or third party payments made to crop producers, all improvements, structures, fixtures and replacements that are a part of the Real Property. All water wells, water, ditches, reservoirs, reservoir sites and dams located on the real estate and all riparian and water rights associated with the Real Property.

7. If the total sum with interest at the rate prescribed by law due under Paragraph 4 and all costs of this action accruing subsequent to this judgment are not paid prior to the commencement of the sale by the United States Marshal ("Marhsal"), the Marshal is ordered and directed to sell the property at public sale.

8. Pursuant to Fed. R. Civ. P. 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2010) except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

9. The Marshal shall advertise the sale of the subject property in accordance with 28 U.S.C. §§ 2001-2002, and after giving proper notice, conduct the sale of the property at the Leon County Courthouse at Tallahassee, Florida.

10. Plaintiff is authorized to bid at the sale and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff under Paragraph 4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if Plaintiff is not the purchaser of the property at the sale in accordance with the Order Confirming Sale. If Plaintiff is the purchaser at the sale, the Marshal shall credit Plaintiff's bid with the total sum in Paragraph 4, with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full. If a third party is the purchaser at the sale, 10% of

3

the bid price by certified check or cashier's check shall be paid at the time of the sale with the balance to be paid by certified check or cashier's check to the Marshal within 24 hours after the sale.

11. Upon sale being made, the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder or bidders at such sale, and report the amount of the sale for confirmation.  The Marshal shall file the report of sale with the Court no later than fifteen (15) days after the sale. Upon the sale being made, the Marshal shall retain the proceeds thereof until the Order Confirming Sale is entered by the Court.

12. Upon the sale being made of the property and confirmed by this Court, the Court shall direct the Marshal to execute a United States Marshal's Deed to the property.  At that time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property being sold, and shall be forever barred and foreclosed of any and all equity or right of redemption in and to said property, and the purchaser at the sale shall be let into possession of the property.

13. The Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming Sale.

14. Upon entry of the order confirming sale, the Marshall will execute and deliver the United States Marshal's Deed to the purchaser at the sale.  Plaintiff shall

prepare the United State's Marshall's Deed. The purchaser at the sale shall pay for and be responsible for affixing to the United States Marshal's Deed any documentary stamps or taxes imposed upon the recordation of the deed.

15. If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the United States Marshal no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the United States Marshal within ten (10) days after the sale to see if there is additional money from the foreclosure sale.

16. Defendants, Stone Bridge Condominium, LLC, Peter S. Rosen and Michael Pagozalski, are jointly and severally liable for the amounts owed to Plaintiff specified in Paragraph 4, and the Court reserves jurisdiction to determine the amount of damages following the foreclosure sale upon proper motion by Plaintiff for a deficiency judgment against Stone Bridge Condominium, LLC, Peter S. Rosen and Michael Pagozalski, under Counts I, III and IV of the Complaint.

17. This Court retains jurisdiction over this case for the purposes of determining the amount of attorneys' fees and costs to be awarded, entry of a deficiency judgment, if appropriate, and handling any motions related to the enforcement or collection of any deficiency judgment.

**ORDERED** on September 28, 2011.

>**/s/ Richard Smoak**
>**RICHARD SMOAK**
>**UNITED STATES DISTRICT JUDGE**